UNITED STATES, Appellee

v.

WOODROW W. ARRINGTON, Stewardsman, U. S. Navy, Appellant

5 USCMA 557, 18 CMR 181

No. 5845

Decided March 25, 1955

CDR Benjamin H. Berry, USN, for Appellant.
CAPT Carl G. Lutz, USMCR, for Appellee.

Opinion of the Court

PER CURIAM:
A Navy general court-martial found the accused guilty, inter alia, under two specifications alleging larceny, in

violation of the Uniform Code of Military Justice, Article 121, 50 USC § 715. Both specifications have to do with offenses alleged to have been committed on the same date. The first charged a theft from Building 623 at Pensacola Naval Air Station of eight hams belonging to the United States Government and valued at $59.16, and the second, the purloining from Building 624 of a case of salad oil worth $9.60.

The court's sentence consisted of a bad-conduct discharge, confinement at hard labor for one year, total forfeitures, and to be reduced to the rate of steward recruit. The findings and sentence were approved by the convening authority and affirmed by a board of review in the office of The Judge Advocate General, United States Navy. Our review was granted to determine the propriety of dealing with the mentioned misconduct under two specifications and of permitting the court-martial to impose a penalty predicated on the separateness of the offenses alleged.

## II

The accused was found in possession of the stolen goods on April 30, 1954—the day of the property's loss. That same morning a monthly inventory of the groceries in the Government mess involved had been accomplished. A further inventory effected on May 1 revealed a discrepancy which tallied exactly with the items and quantities with which Arrington had been charged. The court also received in evidence an extrajudicial confession, as to the voluntariness of which no sort of objection was raised by the defense. While the evidence aliunde the confession gave little indication that the hams had come from one building and the salad oil from another, the con-

fession made clear that this had been the case.

Previously we had opportunity to apply to the embezzlement of money a principle which had first been enunciated in a case involving a larceny of foodstuffs. Compare United States v. Krull, 3 USCMA 129, 11 CMR 129; United States v. Krawczyk, 4 USCMA 255, 15 CMR 255. Here the progression is reversed—for only recently we passed on the very issue of the present appeal in a case involving a peculation of funds. United States v. Stribling, 5 USCMA 531, 18 CMR 155.

Aside from Stribling's confession, evidence was wholly lacking that he had not taken all of the missing money at a single moment—rather than in installments as alleged. Relying on Supreme Court precedents—and especially on United States v. Calderon, 348 US 160, 99 L ed —, 75 S Ct 186 — we concluded that a voluntary extrajudicial statement would support separate specifications of larceny and separate punishments thereunder, so long as corroboration was present that the accused had stolen an amount at least equal to the total alleged in the individual specifications. There the corroboration took the form of a showing of the total shortage resulting from Stribling's thievery. In the case at bar proof of the shortage was supplemented by the discovery of the stolen property in the accused's custody.

## III

Thus, Arrington's voluntary confession was sufficient to differentiate, for every relevant purpose, the theft of the ham from that of the salad oil—and the assignment of error must be resolved adversely to the defense. Therefore, the decision of the board of review is affirmed.